UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEVON DRAKE,

                Plaintiff,

          -v-                                                   9:24-CV-24 (AJB/DJS)

RUBERA *et al.*,

                Defendants.
_____

**APPEARANCES:**                                                      **OF COUNSEL:**

DEVON DRAKE
Plaintiff, Pro Se
554806
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

HANCOCK ESTABROOK, LLP                        FRANK W. MILLER, ESQ.
Attorneys for Defendants
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

        On January 8, 2024, *pro se* plaintiff Devon Drake ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that corrections officers violated his civil rights during a use-of-force incident that occurred while he was being held as a federal pre-trial detainee at the Delaware County Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On February 8, 2024, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application and, after an initial review of the pleading, concluded that plaintiff's § 1983 claims alleging excessive force and/or a failure to intervene under the Fourteenth Amendment survived initial review and required a response from defendants Rubera, Schmid, Vulaj, Valentine, and the Delaware County Correctional Facility ("defendants").[1]  Dkt. No. 5.  However, and initially in lieu of filing an answer, defendants moved for summary judgment on the grounds that plaintiff had failed to exhaust his available administrative remedies and that, in any event, his complaint failed to state any plausible claims for relief.[2]  Dkt. No. 18.

On April 25, 2025, Judge Stewart advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment be denied.  Dkt. No. 34.  As Judge Stewart explained, a liberal reading of plaintiff's *pro se* opposition and other filings "suggests that he was denied the ability to file a grievance because he was not given a grievance form by correctional staff."  *Id*. at 7.  Although Judge Stewart recognized that plaintiff's assertions were contradicted, in some part, by defendants' filings, he concluded that the records offered by defendants were insufficient to resolve the issue as a matter of law.  *Id*. at 8.  Judge Stewart also rejected, at least at this early stage, defendant's challenge to the merits of plaintiff's § 1983 claims.  *Id*. at 9.  On that issue, Judge Stewart reasoned that the parties' competing showing "presents clear factual questions" that would require a period of discovery to resolve.  *Id*.  That was especially appropriate where, as here, defendants acknowledged that some use of force occurred.  *Id*.

---

[1] Plaintiff's complaint named "Delaware County Correctional Facility" as a defendant.  Dkt. No. 1.  But due to an apparent oversight, this entity was not added to the Court's electronic docket report or discussed in Judge Stewart's initial order or report & recommendation.  Dkt. Nos. 5, 34.  Even so, defendant's counsel has filed an answer on behalf of this defendant.  Dkt. No. 37.  The Clerk of the Court will be directed to amend the caption accordingly.

[2] Despite receiving a stay of the deadline, Dkt. No. 20, defendants have answered the complaint, Dkt. No. 37.

Defendants have lodged objections. Dkt. No. 36. Broadly speaking, defendants contend that Judge Stewart should have determined that their undisputed factual showing was sufficient to defeat plaintiff's § 1983 claims, either on the threshold issue of administrative exhaustion or simply as a matter of law. *See id*.

Upon *de novo* review, Judge Stewart's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). In short, the Court agrees with Judge Stewart's conclusion, *i.e.*, that the exhaustion question cannot be resolved without discovery. Further, to the extent that defendants contend that plaintiff's § 1983 claim is somehow deficient as a matter of law, the Court likewise agrees with the R&R's determination that, at this early stage of the proceedings and mindful of plaintiff's *pro se* status, this claim is sufficiently alleged.

There is a final matter to discuss. Recent mailings to plaintiff at his address on file with the Court have been returned undelivered. Dkt. Nos. 35, 40. These undeliverable mailings are marked "return to sender – not in custody." *Id*. In other words, it appears that plaintiff has been released or transferred but has failed to update his mailing address on file with the Court.

The Local Rules require him to do so promptly. N.D.N.Y.L.R. 10.1(c). In fact, plaintiff was warned at the outset of this action that "his failure to [update his mailing address] may result in the dismissal of this action." Dkt. No. 5 at 8. And a review of the docket report for this action shows that plaintiff has previously updated his address on file on two occasions. Dkt. Nos. 4, 27. It is therefore clear from the record that plaintiff knows and understands what is required of him.

Under Rule 41(b), a court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). An involuntary dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375

F.3d 248, 254 (2d Cir. 2004). But it can be warranted if less drastic alternatives have proven ineffective. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.3d 37, 42 (2d Cir. 1982) (holding that Rule 41(b) authority is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts").

Involuntary dismissal is unwarranted at this time. After all, plaintiff is *pro se*, was until recently incarcerated (and still might be), and this action is in its infancy. However, the Court cannot permit cases to languish on its busy docket, either. This matter will be referred to Judge Stewart for further proceedings, but plaintiff is cautioned that his failure to keep his mailing address current or to follow court orders will result in the dismissal of this action.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 34) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 18) is DENIED;

3. The Clerk of the Court is directed to AMEND the caption to add "Delaware County Correctional Facility" as a named defendant in this action; and

4. This matter is REFERRED to the assigned magistrate judge for further proceedings.

**IT IS SO ORDERED.**

Dated: June 2, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge