**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DEVON DRAKE,

                    Plaintiff,

          -v-                                              9:24-CV-24 (AJB/DJS)

TYLER RUBERA _et al._,

                    Defendants.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

DEVON DRAKE
Plaintiff, Pro Se
85127-510
Greenville FCI
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246

HANCOCK ESTABROOK, LLP                   FRANK W. MILLER, ESQ.
Attorneys for Defendants
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On January 8, 2024, _pro se_ plaintiff Devon Drake ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that corrections officers violated his civil rights during a use-of-force incident that occurred while he was being held as a federal pre-trial detainee at the Delaware County Correctional Facility.  Dkt. No. 1.  Along with his complaint, plaintiff also moved for leave to proceed _in forma pauperis_ ("IFP Application").  Dkt. Nos. 2, 3.

- 1 -

On February 8, 2024, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application and, after an initial review of the pleading, concluded that plaintiff's § 1983 claims alleging excessive force and/or a failure to intervene under the Fourteenth Amendment survived initial review and required a response from defendants Rubera, Schmid, Vulaj, Valentine, and the Delaware County Correctional Facility.  Dkt. No. 5.  In lieu of an answer, defendants moved for summary judgment on the grounds that plaintiff had failed to exhaust his available administrative remedies and, in any event, argued that plaintiff's complaint failed to state any plausible claims for relief.  Dkt. No. 18.

On April 25, 2025, Judge Stewart advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment should be denied.  Dkt. No. 34.  As Judge Stewart explained, a liberal reading of plaintiff's *pro se* opposition and other filings "suggests that he was denied the ability to file a grievance because he was not given a grievance form by correctional staff." *Id*. at 7.  Although Judge Stewart recognized that plaintiff's assertions were contradicted, in some part, by defendants' filings, he concluded that the records offered by defendants were insufficient to resolve this issue as a matter of law.  *Id*.  Judge Stewart also rejected, at least at that early stage of the case, defendants' challenge to the merits of plaintiff's § 1983 claims.  *Id*.

On June 2, 2025, this Court adopted the R&R over defendants' objections and referred the matter to Judge Stewart for further proceedings.  Dkt. No. 41.  Thereafter, the parties conducted some discovery, *see, e.g.*, Dkt. No. 62, and defendants filed a renewed motion for summary judgment attacking the issue of exhaustion and the merits of plaintiff's remaining § 1983 claims.  Dkt. No. 70.  Plaintiff opposed.  Dkt. No. 77.

On May 28, 2026, Judge Stewart advised by R&R that defendants' motion for summary judgment should be granted.  Dkt. No. 80.  As Judge Stewart explained, even accounting for

plaintiff's deposition testimony, plaintiff had failed to do anything more than allege in conclusory fashion that he had attempted to file a grievance even though a grievance process was undisputedly available to detainees at the relevant time.[1] *See id*. at 7–10; *see also id*. at 11 (explaining that the grievance process was available, that it was "carefully explained in the Inmate Rule Book and is not particularly complex," and that "there is no claim or evidence that anyone at the Jail interfered with Plaintiff's ability to file a grievance").

Neither party has lodged objections, and the time period in which to do so initially expired on June 11, 2026. Dkt. No. 80. However, the Court notes that on May 29, 2026, plaintiff filed a notice of change of address. Dkt. No. 81. In response, the Clerk's Office updated plaintiff's address and sent him a courtesy copy of the pending R&R and a docket sheet. *See id*. Thereafter, the Court waited an additional seventeen-day period of time in which to account for the possibility of a delayed set of objections from plaintiff.

Even accounting for this extra time, plaintiff has not lodged objections. Thus, upon review for clear error, the R&R is accepted and will be adopted. FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 80) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 70) is GRANTED in part; and

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED for failure to exhaust available administrative remedies.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

---

[1] On the merits, Judge Stewart recommended that defendants' motion be granted as to Rubera but denied as to the other named defendants.

- 4 -

**IT IS SO ORDERED.**

Dated:  July 8, 2026
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge